UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICO PAUL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-2244-SPM |
| | ) | |
| LONNIE SMALLEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Rico Paul, an inmate at the Jefferson City Correctional Center (JCC), for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.50. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

At the time plaintiff filed the instant complaint and motion for leave to proceed in forma pauperis, he was incarcerated at the Potosi Correctional Center (PCC). In the motion, plaintiff avers he receives $7.50 per month, and that his brother sends him money from time to time. Plaintiff did not submit a certified inmate account statement in support of the instant motion. However, the Court notes that in a prior case plaintiff filed in this Court, he advised that PCC officials had refused to provide him with a copy of his inmate account statement. *Paul v. Teddford, et al.,* No. 4:19-cv-1851-DDN (E.D. Mo. 2019). The Court takes judicial notice of its own records in those proceedings involving plaintiff. *See Lockett v. United States*, 333 F. App'x 143, 144 (8th Cir. 2009) (citing *Chandler v. United States*, 378 F.2d 906, 909-10 (9th Cir. 1967) (district court can take judicial notice of its own records)). The Court will therefore not order plaintiff to submit a certified copy of his inmate account statement at this time, and will instead assess an initial partial filing fee based upon the information plaintiff provided in the motion. Plaintiff will be required to pay $1.50, which is twenty percent of his monthly deposit and an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). Any claim that plaintiff is unable to pay this amount must be supported by a copy of plaintiff's institution account statement.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against 10 defendants: Lonnie Smallen, Stan Payne, Unknown Grubbs, Joshua Lybarger, Dennis S. Robinson, Unknown Westcott, Richard Jennings, Steven Francis, Kimberly Price, and Kyle Renshaw. Plaintiff states he sues Smallen and Payne in their individual capacities. He does not indicate the capacity in which he sues the remaining eight defendants.

It appears plaintiff wishes to claim he was wrongfully placed in administrative segregation or that he suffered retaliation. However, he sets forth his allegations in the form of a rambling narrative full of vague assertions and conclusory statements. For example, he writes:

> I went through false imprisonment. I was released from segregation on July 26, 2018 and refer to protected custody for PC needs. I was seen August 7, 2018 and was given a 30 day review that was set for September 4, 2018 but I was a special hearing and was release to general population August 21, 2018. I was given a conduct violation 7-23-2018 but wasn't seen for the violation until 8-23-2018 which was a due process violation and served my disciplinary time for that which was over with 9-17-2018.

Plaintiff also alleges that Smallen removed him from the "move list to be release to general population" and that Westcott "will also have whoever move me off the moving list." Plaintiff alleges "they were retaliating because I filed sexual harassment complaints against Joshua Lybarger for months they were removing me from the moving list as I was assigned to general population." The complaint continues in this manner, with plaintiff setting forth vague assertions regarding his placement in various forms of custody within the prison.

## Discussion

The complaint violates Rule 8 of the Federal Rules of Civil Procedure, which requires (in relevant part) that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Here, the complaint contains a long rambling narrative from which

the Court cannot discern any plausible claims without engaging in improper speculation. Plaintiff has also failed to allege facts showing how each named defendant was personally involved in, and directly responsible for, violating his rights. In fact, many of the named defendants are not even mentioned in plaintiff's statement of claim. Also, with the exception of Smallen and Payne, plaintiff has failed to specify the capacity in which he intends to sue each named defendant.

Because plaintiff is proceeding pro se, the Court will give him the opportunity to file an amended complaint. Plaintiff is warned that the amended complaint will replace the original complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the complaint form, plaintiff should write the name of each party he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff should also indicate whether he intends to sue each named defendant in his or her individual capacity, official capacity, or both.[1]

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names more than one defendant, he should only include claims that arise from the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose to name a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a).

It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for violating his rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). It is not enough for plaintiff to refer to a group of defendants and make general allegations against them. Instead, plaintiff must explain the role of each defendant, so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff has also filed a motion to appoint counsel. The Court will deny the motion at this time, without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id.*

After considering these factors, the Court concludes that the appointment of counsel is unwarranted at this time. Nothing before the Court indicates that this case is factually or legally complex, nor is it clear that plaintiff will be unable to investigate the facts or present his claims. In addition, the motion is premature, as no defendant has been served with process and discovery has not begun. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** without prejudice.

**Plaintiff's failure to timely file an amended complaint as instructed in this order may result in the dismissal of this action, without prejudice and without further notice.**

_/s/ Shirley Padmore Mensah_
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of September, 2019.