## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| RICO PAUL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-2244-HEA |
| | ) | |
| LONNIE SMALLEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff Rico Paul's amended complaint. For the reasons discussed below, the Court will dismiss this action, without prejudice.

## Background

The background of this case is fully set forth in the Court's September 16, 2019 Memorandum and Order. However, following is a brief recitation. Plaintiff filed the original complaint pursuant to 42 U.S.C. § 1983 against 10 defendants, all of whom were Missouri Department of Corrections employees. It appeared plaintiff wished to claim he suffered retaliation in conjunction with being kept in administrative segregation. However, he set forth his allegations in the form of a long and rambling narrative, he failed to allege facts permitting the inference that his constitutional rights were violated, and he failed to specify the capacity in which he sued all but two of the defendants. In consideration of plaintiff's *pro se* status, the Court gave him the opportunity to file an amended complaint. Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An

action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Amended Complaint

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against the same 10 defendants he named in the original: Lonnie Smallen, Stan Payne, Assistant Warden Grubbs,

Joshua Lybarger, Dennis S. Robinson, Lieutenant Westcott, Richard Jennings, Steven Francis, Kimberly Price, and Kyle Renshaw. He sues all of the defendants in their individual capacities. Plaintiff can be understood to claim the defendants are liable to him because he was kept in administrative segregation longer than he should have been. In support, he alleges as follows.

Plaintiff claims he "went through false imprisonment and retaliation" from July 23, 2018 to January 4, 2019, in that his term of administrative segregation was prolonged and he was not transitioned to general population. This occurred at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC") and the Potosi Correctional Center ("PCC"). Plaintiff states this occurred because he filed sexual harassment complaints about Lybarger "in the previous months." Plaintiff does not specify how many complaints he filed, or exactly when he filed them. In support of his claims, he alleges as follows.

On July 23, 2018, while plaintiff was being held in administrative segregation, he was given a conduct violation by an officer whose name he does not recall. Plaintiff does not allege this conduct violation was wrongfully issued. On July 26, 2018, plaintiff was seen by the administrative segregation committee, which included Westcott and two unspecified people. Westcott signed documentation to discontinue plaintiff's administrative segregation term, and referred plaintiff to the protective custody committee to sign enemy waivers. Plaintiff was seen by the protective custody committee, which included Robinson, plaintiff's case worker. Robinson allowed plaintiff to sign enemy waivers, but gave plaintiff a 30-day review to let the other offenders sign the waivers.

On August 21, 2018, Robinson gave plaintiff a special hearing, and signed off on plaintiff's transition to general population. This was approved by Payne, but plaintiff remained in administrative segregation. Unidentified persons told plaintiff that Smallen and Westcott had

3

removed his name from the "move list." Plaintiff complained by filing an Informal Resolution Request ("IRR") and writing letters. Robinson "totally disregard[ed]" plaintiff's complaints, even though he could have reported the issue to Payne. Plaintiff writes: "On 9-11-18 Joshua Lybarger issue me a conduct violation in attempt to prevent me from being release to General Population." Plaintiff alleges he received many other false conduct violations during this time. He complained to Payne and Grubbs, but they did not correct the situation.

Plaintiff went on a hunger strike for 11 days to encourage officials to transition him to general population "and to get the warden to speak with me but he refused." Plaintiff does not specify which defendant "the warden" refers to. Plaintiff also went on suicide watch at an unspecified point. Smallen told plaintiff that "as long as I keep filing sexual harassment against his staff he will continue to take me off the moving list." Plaintiff does not indicate when Smallen made the statement. Francis, Price, and Renshaw were members of the administrative segregation committee at PCC, where plaintiff was transferred at an unspecified time. Plaintiff told them his stay in administrative segregation had been prolonged, but instead of releasing him immediately they gave him a 30-day review. Jennings, the Warden, "dis-regarded what I said and continue the false imprisonment intil Jan 4. 2019 [*sic*]." Plaintiff does not allege he told Jennings he was being subjected to retaliation, or even specify what statement or statements Jennings disregarded. As relief, plaintiff seeks $300 for each day he was not transitioned to general population. He also asks the Court to order that certain defendants be fired or demoted.

**Discussion**

Plaintiff can be understood to claim that, beginning on July 23, 2018, his stay in administrative segregation was prolonged because he filed sexual harassment complaints. To establish a § 1983 claim for retaliation in violation of the First Amendment, plaintiff must allege:

(1) that he engaged in a protected activity, (2) that the defendants responded with adverse action that would chill a person of ordinary firmness from continuing in the activity, and (3) that the adverse action was motivated by the exercise of the protected activity. *L.L. Nelson Enterprise Inc. v. County of St. Louis, Mo.*, 673 F.3d 799, 807–08 (8th Cir. 2012) (internal quotation marks omitted).

The Court will presume that plaintiff engaged in protected activity. However, plaintiff alleges no facts permitting the inference that the adverse action (his prolonged stay in administrative segregation) occurred in response to such activity, or that it was motivated by such activity. While plaintiff claims adverse action was taken because he filed complaints against Lybarger "in the previous months" and that Smallen said he would remove his name from the move list, he alleges no facts permitting the inference of any link between his complaints and the adverse action. Additionally, plaintiff admits he was issued a conduct violation on July 23, 2018, when the adverse action allegedly began, and he does not allege the conduct violation was issued in retaliation for engaging in protected activity. Plaintiff also alleges he received many conduct violations during the time the adverse action was allegedly taken. While he states in conclusory terms that they were false, he does not allege they were issued in retaliation for engaging in protected activity. Finally, plaintiff admits he went on a hunger strike and on suicide watch during the relevant time period. While not alone dispositive, it is reasonable to conclude that such behavior would have raised safety concerns that would have militated against returning plaintiff to the general population.

Having thoroughly reviewed and liberally construed the amended complaint, the Court concludes that plaintiff's allegations of retaliation are purely speculative. The Court previously advised plaintiff of the necessity of alleging facts in support of his claims against each named

defendant, and will not assume facts plaintiff has not alleged. Additionally, plaintiff's allegations establish that his stay in administrative segregation was prolonged because he was issued conduct violations, and otherwise engaged in conduct he was not entitled to perform. The Court therefore concludes that plaintiff has failed to state a plausible retaliation claim. *See Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990) (concluding that no retaliation claim can be stated when the adverse action arose from discipline for acts that a prisoner was not entitled to perform).

Plaintiff also alleges, in conclusory fashion, that Lybarger gave him a false conduct violation, and that he received other false conduct violations, during the relevant time period. These allegations are at most legal conclusions that are not entitled to the presumption of truth. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). Additionally, a mere false conduct violation is not actionable under § 1983. *See Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983) (per curiam). Plaintiff can also be understood to claim that the defendants failed to follow prison rules or regulations. However, plaintiff does not have a federal constitutional liberty interest in having prison officials follow prison regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability). Similarly, plaintiff's claim that Robinson ignored his IRR also fails to state a cognizable claim for relief. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison official's failure to process or investigate grievances, without more, is not actionable under § 1983). Finally, plaintiff's allegations that Payne, Grubbs, Francis, Price, Renshaw, and Jennings failed to order his immediate release and continued to hold him in "false imprisonment" are wholly conclusory, and not entitled to the presumption of truth. *See Wiles,* 280 F.3d at 870.

Having thoroughly reviewed and liberally construed the amended complaint, the Court concludes that this action must be dismissed. The Court will also deny plaintiff's motion asking this Court to order prison officials to give him documents from his personal property.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion (ECF No. 7) is **DENIED.**

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 27th day of March, 2020.

                       HENRY EDWARD AUTREY
                       UNITED STATES DISTRICT JUDGE